UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID OSUCH,<br>  plaintiff,<br><br>v.<br><br>JOHN CODY, et al.,<br>  defendants. | :<br>:<br>:   PRISONER<br>:   CASE NO. 3:13-cv-381(AVC)<br>:<br>:<br>: |

### INITIAL REVIEW ORDER

The plaintiff, David Osuch, currently incarcerated at the MacDougall-Walker Correctional Center in Suffield, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants Correctional Officer John Cody, Warden Scott Semple, Assistant District Administrator Walter Ford, District Administrator Angel Quiros, Captain Robert Melms, Lieutenant Griffin and Mental Health Clinical Social Worker Gates.

Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon

which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff asserts claims for violation of his federal constitutional rights of access to the courts, to be free from retaliation and to be free from unconstitutional conditions of confinement as well as for violation of his rights under the Americans with Disabilities Act and section 504 of the Rehabilitation Act. He also asserts state law claims. The claims will proceed at this time.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The **clerk shall** verify the current work addresses for each defendant with the Department of Correction Office of Legal Affairs, and mail waiver of service of process request packets to each defendant at his or her confirmed address within **fourteen**

**(14) days** of this order. The clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on that defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The **clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on all defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14) days** from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(3) The **clerk shall** send a courtesy copy of the Complaint and this ruling and order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any

and all additional defenses permitted by the federal rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff **MUST** notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he shall indicate the case numbers in the notification of change of address. The plaintiff should also notify the defendant(s) or the attorney for the defendant(s) of his new address.

     **SO ORDERED** this 9th day of April 2013, at Hartford, Connecticut.

                                                       _____
                                                       Alfred V. Covello
                                                       United States District Judge